IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| EDUCATION MANAGEMENT SERVICES, LLC, | § § § | |
| | § | CIVIL ACTION NO. 5:15-cv-00686 |
| *Plaintiff/Counter-Defendant,* | § | |
| | § | [Removed from the 73rd Judicial |
| v. | § | District Court of Bexar County, Texas] |
| | § | |
| MARK CADERO, | § | **JURY DEMANDED** |
| | § | |
| *Defendant/Counter-Plaintiff.* | § | |

## NOTICE OF REMOVAL

COME NOW Defendant/Counter-Plaintiff, Mark Cadero ("Defendant"), and hereby removes the action numbered Cause No. 2014-CI-09849 filed by Plaintiff/Counter-Defendant, Education Management Services, LLC ("Plaintiff"), against Defendant/Counter-Plaintiff in the 73rd Judicial District of Bexar County, Texas, to the United States District Court for the Western District of Texas, San Antonio Division, under 28 U.S.C. § 1332 for the reasons explained below.

## I.

## STATEMENT OF THE CASE

On June 20, 2014, Plaintiff commenced a lawsuit in the 73rd Judicial District Court of Bexar County, Texas, styled *Education Management Services, LLC v. Mark Cadero;* Cause No. 2014-CI-09849, ("State Court Action"). In its petition, Plaintiff asserted the following claims: (1) breach of contract; (2) conversion; and (3) trade secret misappropriation. Plaintiff sought injunctive relief and actual and punitive damages, attorneys' fees, and additional remedies. Cadero removed this case to federal court on July 2, 2014 on the basis of diversity of citizenship. *See Educ. Mgmt. Servs., LLC v. Cadero*, No. 5:14-cv-00587-HLH (W.D. Tex.).

{34060374;2}

While the case was in federal court, EMS filed its First Amended Complaint ("FAC")—the current live pleading—on October 1, 2014.  [D.E. 9]  The FAC retained the allegations from the state court petition.

The federal court dismissed Plaintiff's conversion and trade secret misappropriation claims on November 18, 2014.  [D.E. 18].  On May 1, 2015, Cadero moved for summary judgment on Plaintiff's remaining claim for breach of contract.  [D.E. 39].  Having missed the discovery deadlines in the scheduling order [D.E. 20], and having been denied a continuance [D.E. 33, 35], Plaintiff moved to remand to state court on May 6, 2015—ten months into litigating the case in federal court.  The federal court granted Plaintiff's remand motion on May 22, 2015, in part based on its finding that the pleadings at the time of removal did not demonstrate that the amount in controversy exceeded the jurisdictional minimum.  [D.E. 58].  In contravention of Rule 47(c) of the Texas Rules of Civil Procedure, which sets forth prescribed ranges of damages that a plaintiff must state in its pleadings, Plaintiff had attempted to artfully plead itself out of federal jurisdiction by stating a jurisdictional amount that did not comport with that rule.

On June 17, 2015—three days shy of one year after the case was filed, and despite its insistence that the amount in controversy is less than $75,000—Plaintiff served six deposition notices—all non-parties, and all out of state.  Copies of these deposition notices are included as Exhibit A-1 to the Declaration of Clint A. Corrie ("Corrie Decl."), which is attached as **Exhibit A** to this Notice.

Cadero objected to these depositions, and to any further discovery, in part because Plaintiffs' pleadings did not comply with Rule 47(c) of the Texas Rules of Civil Procedure, requiring Plaintiff to set forth its claim for relief within specified ranges.  On July 13, 2015, to

bring its pleadings into compliance, Plaintiff filed its First Supplemental Original Petition, stating that it seeks "monetary relief of $100,000 or less and non-monetary relief"—despite its request for six non-party out-of-state depositions.  Plaintiff otherwise has not filed an amended pleading since the remand to state court, so the FAC, as modified by the federal court's order on Cadero's motion to dismiss, is still the live pleading.  Thus, Plaintiff's allegations at the time of this removal include its breach of contract claim and its claim for costs and attorneys' fees.  Given its amendment to comply with Rule 47(c), Plaintiff's pleadings now state an amount that encompasses the amount in controversy required for diversity jurisdiction in Federal court.

## II.

## BASIS FOR REMOVAL: DIVERSITY JURISDICTION

The Court may exercise diversity jurisdiction under 28 U.S.C. § 1332(a) because the parties are completely diverse, and the amount in controversy exceeds $75,000.  Diversity jurisdiction exists if there is "complete diversity between all named plaintiffs and all named defendants, and no defendant is a citizen of the forum State."  *Lincoln Prop. Co. v. Roche*, 126 S.Ct. 606, 610 (2005).  The amount in controversy must also exceed $75,000.  28 U.S.C. § 1332(a).

### A.      The Parties Are Citizens of Different States.

Here, the parties are diverse.  According to the FAC, Plaintiff is a Delaware limited liability company authorized to do business in Texas, with its principal place of business in San Antonio, Bexar County, Texas.  Accordingly, Plaintiff is a citizen of the States of Delaware or Texas.  *See Preston v. Tenet Healthsystem Mem'l Med. Ctr.*, 485 F.3d 793, 797–98 (5th Cir. 2007).  The Plaintiff is an LLC.  In checking records on file in the State of California, no member of Plaintiff is a California resident.

Defendant, Mark Cadero, an individual, is a citizen of the State of California, and resides at 15159 Jack Pine Way, Magalia, California 95954. (*See* FAC; Decl. of Mark Cadero ("Cadero Decl.") attached hereto as **Exhibit B**).  It is uncontested the parties are of diverse citizenship.

**B.     The Amount in Controversy Exceeds $75,000.**

The amount in controversy requirement is met if "(1) it is apparent from the face of the petition that the claims are likely to exceed $75,000, or, alternatively, (2) the defendant sets forth 'summary judgment type evidence' of facts in controversy that support a finding of the requisite amount."  *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002).

Courts in this circuit have used a "common-sense" approach in evaluating the face of a complaint to determine if the amount in controversy exceeds $75,000.  *Wilson v. Hibu Inc.*, No. 3:13-CV-2012-L, 2013 WL 5803816, at *3–4 (N.D. Tex. Oct. 28, 2013) (applying such a "common-sense approach" in determining it was facially apparent plaintiff's claims more likely than not exceeded $75,000, and discussing Fifth Circuit cases doing the same).  In *Wilson*, the court noted, "based on its experience, that a conservative estimate of the attorney's fees, alone, in a case of this nature exceeds $50,000."  *Id.* at *3; *see also Lawson v. Parker Hannifin Corp.*, Civ. No. 4:12-CV-923-O, 2014 WL 1158880, at *2–3 (N.D. Tex. Mar. 20, 2014) (agreeing that, at reasonable billing rate, attorneys' fees alone would be over $35,000 and amount in controversy would more likely than not be exceeded).  Similarly, the Fifth Circuit has used its own analysis to conclude that "[a] court, in applying only common sense, would find that if the plaintiffs were successful in their punitive damages claim, they would collect more than" the jurisdictional minimum.  *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1336 (5th Cir. 1995); *see also Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 883 (5th Cir. 2000) (holding, based solely on nature of damages suffered by plaintiff, it was "facially apparent" alleged damages exceeded amount in

controversy); *Carleton v. CRC Indus., Inc.*, 49 F. Supp. 2d 961, 962 (S.D. Tex. 1999) (holding it was facially apparent that alleged damaged exceeded $75,000, based on court's analysis and "common knowledge").

In the FAC, Plaintiff not only seeks actual damages for its breach of contract claim, but it also seeks disgorgement and its costs of suit and attorneys' fees.[1]  It is clear that Plaintiff's attorneys' fees alone, like in *Wilson* or *Lawson*, will more likely than not exceed $75,000.  But the Court need not merely guess at that, or rely solely on "common knowledge" and "common sense"—it is apparent from Plaintiff's own actions that is the case.

The six out-of-state non-party deposition notices that Plaintiff has served (Corrie Decl., Ex. A-1) demonstrate the steep cost of the attorneys' fees Plaintiff intends to rack up in this lawsuit—in addition to those it has already incurred.  With attorneys' fees of $400 per hour, six five-hour depositions result in a cost of $12,000 for the deposition time alone.  *See* Tex. Civ. Prac. & Rem. Code § 38.004 (allowing courts to take judicial notice of usual and customary attorneys' fees); Corrie Decl. ¶ 6.  This does not even include time spent for preparation or travel—at a bare minimum of six hours of travel and preparation time per deposition, that adds up to $14,400.  (*See* Corrie Decl. ¶ 6).  Nor does it include cost of transportation or hotels—at a conservative estimate of $400-500 for transportation and $200 for hotel for each deposition, that adds at least another $3600.  (*See id.*).  Add to that the roughly $1,000 per deposition for a court reporter and transcript (*see id.*), and these six depositions alone are likely to cost upwards of $35,000.

And Plaintiff also already has taken the deposition of Cadero himself.  (Corrie Decl., Ex. A-2).  This deposition lasted just over seven hours.  (*Id.*, at 1:19–20)  Adding in that time,

---

[1] Texas law permits a prevailing party on a breach of contract claim to recover its reasonable attorneys' fees and costs. Tex. Civ. Prac. & Rem. Code § 38.001.

{34060374;2}

plus reasonable preparation and travel time, and the cost of the court reporter and transcript, adds at least $6,200 to the total.  (*See* Corrie Decl. ¶ 7).

This does not include the attorneys' fees incurred for every other aspect of this case. Since filing suit, Plaintiff's attorneys have, among other activity: (1) opposed Cadero's motion to dismiss; (2) filed an amended complaint; (3) opposed Cadero's motion to reconsider the court's ruling on the motion to dismiss; (4) opposed Cadero's motion to dismiss the First Amended Complaint; (5) moved to dismiss Cadero's counterclaims; (6) served Rule 26 disclosures; (7) served discovery requests on Cadero; (8) served expert disclosures; (9) moved for continuance; (10) moved to remand; (11) negotiated a protective order and scheduling order in the state court; (12) moved to quash the deposition of its corporate representative; and (13) moved to compel various forms of discovery.  Time spent on these and other ancillary activities can be reasonably estimated to add up to at least 140 hours, for another $56,000.  (Corrie Decl. ¶ 8).  That brings Plaintiff's total attorneys' fees alone in this case so far up to $97,200.  In fact, Defendant's billed attorneys' fees as of June 30, 2015, total $131,149.15; it is reasonable to conclude that Plaintiff has incurred at least as much.  (Corrie Decl. ¶ 9).

That leaves the cost of trial.  Trial of this case is likely to take at least two days.  (Corrie Decl. ¶ 10).  A conservative estimate of seven eight-hour days of trial preparation, plus two twelve-hour trial days, adds another $32,000 to the total.  (*See id.*).

Moreover, Plaintiff seeks "disgorgement of profits" as a remedy in this case.  (FAC at 11).  Plaintiff has sought information in support of this remedy in its discovery propounded to Cadero.  (Corrie Decl., Ex. A-8, at 5, Request Nos. 4, 5).  Since beginning work for Vertucci and engaging in the allegedly wrongful conduct claimed by Plaintiff, Cadero has earned in excess of

$70,000, and continues to earn more as this suit goes on.  (Cadero Decl. ¶ 11; Corrie Decl., Ex. A-2, 124:11–21).

Based on Plaintiffs' claim for attorneys' fees alone, but particularly when added to Plaintiffs' request for disgorgement, it is clear that the amount sought here more likely than not exceeds the jurisdictional minimum and this suit is therefore subject to federal diversity jurisdiction.

## III.

## THE PROCEDURAL REQUIREMENTS HAVE BEEN SATISFIED

**A.     The One-Year Limitation on Removal Does not Apply Because Plaintiff Deliberately Concealed the Amount in Controversy.**

Removal of this action is timely under 28 U.S.C. § 1446(b).  Normally, a case may not be removed based on diversity of citizenship more than one year after the action is commenced. 28 U.S.C. § 1446(c)(1).  However, the one year limitation does not apply if "the district court finds that the plaintiff has acted in bad faith in order to prevent a defendant from removing the action."  *Id.*  Furthermore, "[i]f the notice of removal is filed more than 1 year after commencement of the action and the district court finds that the plaintiff deliberately failed to disclose the actual amount in controversy to prevent removal, that finding shall be deemed bad faith under paragraph (1)."  28 U.S.C. § 1446(c)(3)(B).

Courts have found the bad faith exception applicable in instances where plaintiffs have specifically pled that a case was not removable, **where they have failed to amend their pleadings or otherwise notify defendants that the amount in controversy is different from that pled, and where they have amended pleadings or provided other notice of the actual, higher amount in controversy at or shortly after the one-year deadline**.  *E.g., Mitchell v. Amica Mut. Ins. Co.*, No. CIV.A. 14-2766, 2015 WL 1608670, at *3 (E.D. La. Apr. 10, 2015);

{34060374;2}

*Hill v. Allianz Life Ins. Co. of N. Am.*, 51 F. Supp. 3d 1277 (M.D. Fla. 2014); *Brown v. Wal–Mart Stories, Inc.*, No. 5:13cv00081, 2014 WL 60044, at *2 (W.D. Va. Jan. 7, 2014); *Cameron v. Teeberry Logistics, LLC*, 920 F.Supp. 2d 1309, 1316 (N.D. Ga. 2013).

Plaintiff has attempted to conceal the amount in controversy in this suit from the beginning.  It stated in its initial state court petition that "[t]he subject matter in controversy is *within the jurisdictional limits of this court, as the amount in controversy is less than $75,000.00*."  (Corrie Decl., Ex. A-3, ¶4) (emphasis added).  This is not a pleading permitted by Texas Rule of Civil Procedure 47 and, under Fifth Circuit precedent, is clearly nothing more than a "bold attempt to avoid federal court."  *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1409–10 (5th Cir. 1995) (holding that, where a party pleads for damages below the federal amount in controversy requirement, and that pleading is in contravention of state pleading requirements, "[s]uch manipulation is surely characterized as bad faith"); *see also Ford v. United Parcel Svc., Inc.*, Civ. No. 3:14-CV-1872-D, 2014 WL 4105965, at *2 (N.D. Tex. Aug. 21, 2014).  There is no such jurisdictional requirement in Texas state court, nor any state rule requiring or permitting such a pleading, and is nothing more than an artful attempt by Plaintiff to conceal the actual amount in controversy and keep this case out of federal court.

Moreover, Plaintiff litigated in federal court for ten months after the original removal before moving to remand to state court.  Immediately upon arrival back in state court, Plaintiff issued multiple deposition notices and set multiple hearings, running up costs dramatically.

And Plaintiff has continued to obfuscate the amount in controversy.  It failed to disclose any damages computation in its Rule 26 disclosures, pursuant to Federal Rule of Civil Procedure 26(a)(1)(A)(iii).  (*See* Corrie Decl., Ex. A-4, at 6).  Instead, when it served those disclosures on February 19, 2015, **it listed each category of damages as "TBD,"** and then failed ever to

supplement them in accordance with Rule 26(e).  (*Id.*)  Likewise, Plaintiff failed to disclose its damages in response to a direct interrogatory from Cadero.  Cadero served his First Set of Interrogatories to Plaintiff on March 6, 2015, and he sought specific descriptions of damages from Plaintiff.  (Corrie Decl., Ex. A-5, at 12, Interrog. 16).   Plaintiff did not respond until a month and a half past the 30-day deadline for response, on May 20, 2015.  (Corrie Decl., Ex. A-6).  And in that response, Plaintiff still refused to state its damages, instead reciting a rote objection and stating that it was "still conducting an investigation" nearly a year into the lawsuit that Plaintiff itself initiated.  (*Id.* at 19, Interrog. 16).

Moreover, Plaintiff delayed in serving notice that it intends to depose six out-of-state non-party witnesses until the eve of the one-year deadline to remove.  (Corrie Decl., Ex. A-1). And it did not amend its pleadings to reflect a permissible range of relief sought under the Texas Rules of Civil Procedure until after the one-year deadline, and only in response to Cadero's objection.

Given Plaintiff's concealment of the actual amount of its damages sought, it is clear that the bad faith exception of 28 U.S.C. § 1446(c) applies and this removal is therefore timely.

**B.     Defendant Is Removing This Case Within Thirty Days of Receiving a Copy of Plaintiff's Amended Pleading.**

Pursuant to 28 U.S.C. § 1446(b)(3), Cadero is removing this case within thirty days of receiving "a copy of an amended pleading . . . from which it may first be ascertained that the case is one which is or has become removable."  Plaintiff filed its First Supplemental Original Petition in the state court proceeding on July 13, 2015 (Corrie Decl., Ex. A-7), stating that its claim for monetary relief is "$100,000 or less," and superseding its prior state court pleading that improperly and incorrectly stated that "the amount in controversy is less than $75,000."

**C.      All Other Procedural Requirements Are Met.**

Service on the Defendant was perfected by serving the undersigned counsel of record on June 25, 2014.  Defendant reserves all rights to raise service and jurisdictional defenses in this Court.  Notice has been sent to the state court regarding the removal of this action.

All documents required by 28 U.S.C. § 1446(a) are attached hereto, all adverse parties have been given notice, and a copy of the Notice of Removal will promptly be filed with the clerk of the state district court in which the suit is pending, as required by 28 U.S.C. § 1446(d).

**IV.**

**JURY DEMAND**

Pursuant to Rule 38 of the FEDERAL RULES OF CIVIL PROCEDURE, Defendant demands a trial by jury.

**CONCLUSION**

The Court may exercise diversity jurisdiction over this action.  The parties are diverse and based on Plaintiff's requests for direct claims and damages asserted, including attorneys' fees, the amount in controversy exceeds $75,000, and the one-year limitation on removal of diversity actions does not apply.

Respectfully submitted,


*/s/ Clint A. Corrie*

Clint A. Corrie
Texas Bar No. 04840300
clint.corrie@akerman.com
**AKERMAN LLP**
2001 Ross Avenue, Suite 2550
Dallas, Texas 75201
Telephone: 214.720.4300
Facsimile: 214.981.9339

and

Scott M. Noel
Texas Bar No. 00797158
snoel@pg-law.com
C.J. Cilfone
Texas Bar No. 04251200
CJCilfone@pg-law.com
**PLUNKETT & GRIESENBECK, INC.**
Catholic Life Building
1635 Ne Loop 410, Suite 900
San Antonio, Texas  78209
Telephone:  210.734.7092
Facsimile:  210.734.0379

**ATTORNEYS FOR DEFENDANT
MARK CADERO**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been served electronically via the Court's Electronic Case Filing (ECF) System, or via U.S. Mail, first class, postage prepaid, facsimile or hand delivery in accordance with the FEDERAL RULES OF CIVIL PROCEDURE on the following counsel of record on the 12ᵗʰ day of August, 2015:

> Henry B. Gonzalez III, Esq.
> Texas State Bar No. 00794952
> hbg@gcaklaw.com
> GONZALEZ, CHISCANO, ANGULO & KASSON, P.C.
> 613 N.W. Loop 410, Suite 800
> San Antonio, Texas 78216
> Facsimile:  210.569.8490
>
> Andrew J. Moon, Esq.
> Texas Bar No. 24046463
> andrew.j.moon@gmail.com
> andym@teamarmando.com
> Nathaniel C. Corbett, Esq.
> Texas State Bar No. 24077165
> nathanc@teamarmando.com
> 2935 Thousand Oaks Drive, #6-285
> San Antonio, Texas 78247
> Facsimile:  866.561.4558

_/s/ Clint A. Corrie_____
Clint A. Corrie