IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO

| | | |
|---|---|---|
| EDUCATION MANAGEMENT SERVICES, LLC, | § § § | |
| Plaintiff, | § § | |
| v. | § § | 5:15-CV-686 RP |
| MARK CADERO, | § § | |
| Defendant. | § § | |

## ORDER

Before the Court are Plaintiff's Motion to Remand, filed September 11, 2015 (Dkt. 3), Defendant's Response, filed September 18, 2014 (Dkt. 4), Plaintiff's Reply, filed September 25, 2015 (Dkt. 5), and Defendant's Surreply, filed October 5, 2014 (Dkt. 7). The Court finds that the motion should be granted.

## BACKGROUND

Plaintiff Education Management Services, LLC ("EMS") assists in putting on real estate seminars which purport to teach attendees various proprietary methods for making a profit by flipping homes and maintaining rental properties.[1] (Pl.'s First Amended Comp. 3-4, Pl.'s Mot. Remand Ex. F, Dkt. 3.) Defendant Mark Cadero was formerly employed by EMS where he worked principally as a "closer" tasked with selling products and services to attendees of EMS's real estate seminars. (*Id.* at 4.) After working for EMS for more than three years, Cadero resigned and began to work for Nick Vertucci, who puts on his own real estate seminars. (*Id.* at

---

[1] EMS provides administrative staffing services to Armando Montelongo Seminars, which is principally responsible for running the real estate seminars. (Pl.'s First Amended Comp. 3, Pl.'s Mot. Remand Ex. F, Dkt. 3.)  Both EMS and Armando Montelongo Seminars are affiliated with Armando Montelongo Companies, Inc. (*Id.*)

6.) EMS now contends that Cadero has improperly appropriated its trade secrets and disclosed them to a direct competitor. (*Id.* at 7.)

Plaintiff EMS originally filed this action in the 73rd Judicial District Court of Bexar County, Texas. In its petition, Plaintiff asserted three causes of action against Cadero: (1) breach of contract, (2) conversion, and (3) trade secret misappropriation. (*See* Notice of Removal 1, Dkt. 1.)  Subsequently, Defendant removed the action to federal court, asserting diversity jurisdiction. (*Id.*) The federal district court dismissed Plaintiff's conversion and trade secret misappropriation claims. Order Regarding Mot. Dismiss, *Education Management Services, LLC v. Cadero* (No. 5:14-CV-587-HLH) (W.D. Tex. Nov. 18, 2014) (Dkt. 18). Defendant then moved for summary judgment on Plaintiff's remaining breach of contract claim. Mot. Summ. J., *Education Management Services, LLC v. Cadero* (No. 5:14-CV-587-HLH) (W.D. Tex. May 1, 2015) (Dkt. 39).  Shortly after Defendant's motion for summary judgment was filed and after ten months of federal litigation, Plaintiff moved to remand to state court. Mot. Remand, *Education Management Services, LLC v. Cadero* (No. 5:14-CV-587-HLH) (W.D. Tex. May 6, 2016) (Dkt. 42).

The federal district court granted EMS's motion to remand. Order Granting Pl.'s Mot. Remand, *Education Management Services, LLC v. Cadero* (No. 5:14-CV-587-HLH) (W.D. Tex. May 22, 2014) (Dkt. 58).   The court's ruling was based on a finding that the amount in controversy did not exceed the jurisdictional minimum. (*Id.*) After the case was remanded, Cadero filed a motion for reconsideration, which the district court denied. Order Regarding Def.'s Mot. for Recons., *Education Management Services, LLC v. Cadero* (No. 5:14-CV-587-HLH) (W.D. Tex. May 28, 2017) (Dkt. 61).   Now, Defendant has again removed the case to federal court and EMS and filed a new motion to remand.

**ANALYSIS**

There are two questions before the Court: First, does the removal statute bar Defendant Cadero from removing this case to federal court given the amount of time that has passed since the commencement of this action? Second, if Defendant is not barred from removing the case, does this Court have removal jurisdiction? The Court concludes Defendant is barred from removing the case to federal court now for two reasons. First, more than thirty days have passed since Defendant received Plaintiff's initial pleading, but Defendant has not shown that he was only able to ascertain that the case is removable upon the filing of a subsequent pleading, motion or paper. *See* 28 U.S.C. § 1446(b)(3). Second, more than one year has passed since the commencement of this action, but Defendant has not shown that Plaintiff has acted in bad faith in order to prevent removal. *See* 28 U.S.C. § 1446(c)(1). Because the Court finds that removal is temporally barred, there is no need to determine whether the Court would otherwise have removal jurisdiction.

Plaintiff contends that removal is barred by section 1446(b). A defendant who wishes to remove a state court action or proceeding to federal court must do so "within 30 days after receipt by the defendant . . . of a copy of the pleading setting forth the claim for relief upon which such action or proceeding is based." 28 U.S.C. § 1446(b)(1). However, "if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant . . . of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." *Id.* § 1446(b)(3). When the only issue is whether the amount in controversy exceeds the jurisdictional minimum, then any information relating to the amount of controversy available in the record of the state proceeding is treated as an "other paper" under subsection (b)(3). *Id.* § 1446(c)(3)(A).

Here, the initial pleading was served on Defendant more than thirty days ago.[2] Accordingly, in order to remove the case now, Defendant Cadero must demonstrate that the he was first able to ascertain that the case is or had become removable upon receipt of some pleading, motion, order, or other paper no more than thirty days prior to removal.

Defendant Cadero contends that his right to remove the case was triggered by receipt of Plaintiff EMS's Supplemental Original Petition, which included a statement regarding damages pursuant Texas Rule of Civil Procedure 47(c). Defendant argues that this statement was his first notice that Plaintiff seeks more than the federal jurisdictional minimum and, thus, receipt of the Rule 47(c) statement triggers a renewed right to remove pursuant to 28 U.S.C. § 1446(b)(3).

Rule 47 of the Texas Rules of Civil Procedure requires pleadings a petitioner to choose one of a set of five possible statements regarding damages:

(1)     only monetary relief of $100,000 or less, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees; or
(2)     monetary relief of $100,000 or less and non-monetary relief; or
(3)     monetary relief over $100,000 but not more than $200,000; or
(4)     monetary relief over $200,000 but not more than $1,000,000; or
(5)     monetary relief over $1,000,000;

Tex. R. Civ. P. 47(c). Plaintiff's Supplemental Original Petition included the second option, stating that Plaintiff seeks "monetary relief of $100,000 or less and non-monetary relief." Plaintiff's Original Petition stated that Plaintiff's seek no more than $75,000, the federal jurisdictional minimum. Thus, according to Defendant, the Rule 47(c) statement in the Supplemental Original Petition indicates an abrupt shift in position on the part of Plaintiff.

However, nothing in Plaintiff's Rule 47(c) statement contradicts Plaintiff's assertion that it seeks less than the jurisdictional minimum. Plaintiff's Rule 47(c) statement is clearly inclusive of the possibility that the damages sought are not sufficient to trigger federal jurisdiction: damages less than $75,000 are also clearly less than $100,000. In fact, Plaintiff chose the lowest option available to it under Rule 47(c). Nothing in Rule 47(c) gave Defendant any reason to reevaluate

---

[2] Plaintiff filed its Original Petition on June 20, 2014. (Pl.'s Orig. Pet., Pl.'s Mot. Remand Ex. A, Dkt. 3.)

whether the case is or had become removable. The statement provided no new information relevant to whether the damages sought exceed the jurisdictional minimum. Accordingly, the Court finds that receipt of the Supplemental Original Petition does not renew Defendant's right to remove pursuant to section 1446(b)(3).

Defendant Cadero also contends that his right to remove the case was triggered when Plaintiff served notice of several depositions. Defendant argues that the high cost of defending these out of state depositions increases the amount in controversy above the jurisdictional minimum. A reasonable estimate of recoverable attorney's fees is included in the amount in controversy. *St. Paul Reinsurance Co. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998). Accordingly, it is plausible that Defendant would not have been able to ascertain that the case was removable prior to having received notice of costly depositions.

However, there are two problems with Defendant's argument. First, Plaintiff presents the Court credible evidence that counsel for Defendant should have been aware of the depositions as early as March 2015. On March 26, 2015 counsel for Plaintiff e-mailed counsel for Defendant listing the persons to be deposed and asking for convenient dates to schedule the depositions. (Pl.'s Mot. Remand Ex. G, Dkt. 3.) On June 9, 2015, counsel for Defendant was sent another e-mail following up on a number of outstanding issues related to the depositions. (*Id.* Ex. H.) Accordingly, Defendant should have been aware of the depositions and the corresponding litigation costs well before the notice of the depositions was served. It is not plausible that Defendant first ascertained that the case was removable when the depositions were noticed, given that Defendant was aware of the depositions many months prior.

Second, Defendant should have been able to anticipate that that Plaintiff would seek to depose key witnesses. Depositions are a standard discovery tool in civil cases. So, Defendant ought to have have known at the inception of this case that Plaintiff was likely to incur costs in discovery and that those costs should inform the amount in controversy. In fact, when Defendant first removed the case he argued that significant attorney's fees, including discovery

costs, should be included in calculating the amount in controversy. Def.'s Resp. at 8-9, *Education Management Services, LLC v. Cadero* (No. 5:14-CV-587-HLH) (Dkt. 47). The federal district court considered this argument but remanded the case nonetheless. *See* Order Granting Pl.'s Mot. Remand 3, *Education Management Services, LLC v. Cadero* (No. 5:14-CV-587-HLH) (Dkt. 58).

It may be that the district court failed to adequately account for the potential recovery of attorney's fees in its decision to remand the case. But it cannot be said that the Defendant first ascertained that attorney's fees could push the case above the jurisdictional minimum upon being noticed with the most recent depositions. Defendant has clearly been aware that attorney's fees could serve as a basis for removal from the outset and has been afforded an opportunity to make that case. The Court can remove a previously remanded case if the defendant demonstrates that it was first able to ascertain the case was removable upon receipt of some paper subsequent to the commencement of the action. However, the Court cannot remove a case simply because it disagrees with our sister court's earlier decision to remand. *See* 28 U.S.C. 1447(d) § ("An order remanding a case to the State court from which it came is not reviewable on appeal or otherwise . . . .").

Plaintiff also contends that removal is barred by section 1446(c)(1) which provides that a party may not remove an action more than one year after the action is commenced unless the district court makes a finding that the plaintiff "has acted in bad faith in order to prevent a defendant from removing the action." 28 U.S.C. § 1446(c)(1). Defendant suggests that the one-year limitation does not apply here for four reasons: (1) Plaintiff initially pled the amount in controversy was less than $75,000, (2) Plaintiff previously litigated in federal court, (3) Plaintiff delayed in serving notice that it intends to depose certain non-party witnesses, and (4) Plaintiff has attempted to obfuscate the amount in controversy. None of these allegations are sufficient to demonstrate bad faith.

First, Defendant contends that Plaintiff acted in bad faith by originally pleading that the amount in controversy was less than $75,000. This argument begs the question. The parties clearly disagree as to the amount in controversy in this case. Plaintiff has consistently asserted that the amount in controversy is less than $75,000, the federal jurisdictional minimum. Defendant may disagree, but disagreement alone does not evince bad faith.

Moreover, the fact that the statement of damages in Plaintiff's Original Petition did not comply with Texas Rule of Civil Procedure 47 is not evidence of bad faith. Plaintiff's Original Petition stated the subject matter of the case is "within the jurisdictional limits of this court, as the amount in controversy is less than $75,000." (*See* Notice of Removal 8, Dkt. 1.) Admittedly, Texas law does not require that a case be valued less than $75,000 and this statement of damages does not comply with the requirements of Texas Rule of Civil Procedure 47. Defendant cites *De Aguilar v. Boeing Co.* to suggest that such a failure to comply with state pleading requirements is necessarily evidence of bad faith. However, that case requires the failure to comply with state pleading requirements be done "with the knowledge that the claim is actually worth more" before reaching a finding of bad faith. *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1410 (5th Cir. 1995). Careless pleading alone, without other evidence of intentional concealment, does not evince bad faith.

Second, Defendant contends that Plaintiff acted in bad faith by litigating the case in federal court for around ten months before filing their original motion to remand. However, a motion to remand based on a court's lack of diversity jurisdiction may be filed any time prior to final judgment. *See* 28 U.S.C. 1447(c). While it may have been more convenient for Plaintiff to question whether the court had federal diversity jurisdiction at an earlier stage in the litigation, the law affords Plaintiff the discretion to wait until later in the litigation before moving for remand. The exercise of that discretion does not evince bad faith.

Third, Defendant contends that Plaintiff acted in bad faith by failing to notice certain depositions prior to July 2015. Defendant insinuates that Plaintiff's decision to delay noticing the

depositions until few days shy of one year after the case was filed was intended to prevent removal. (*See* Notice of Removal 9, Dkt. 1.) However, Plaintiff has presented evidence that Defendant was made aware of these depositions as early as March 2015. (Pl.'s Mot. Remand Exs. G & H, Dkt. 3.) Moreover, Defendant has presented no evidence that any delay in noticing the depositions was intended to prevent removal, rather than any of the myriad other reasons why the notice may have been delayed. Accordingly, Plaintiff's decisions to serve notice of depositions in July 2015 does not evince bad faith.

Fourth, Defendant contends that Plaintiff acted in bad faith by obfuscating the amount in controversy. Specifically, Defendant argues that Defendant has refused to state its damages both in its Rule 26 disclosures and in response to an interrogatory. (Notice of Removal 9, Dkt. 1.) Plaintiff claimed at the time it was unable to provide such a calculation because it was "still conducting an investigation." (*Id.*) It appears that Plaintiff could have been more forthright by clearly stating the amount of damages sought. However, it is possible that Plaintiff's refusal to do so was motivated by legitimate uncertainty rather than an intent to prevent removal. Moreover, failing to clearly state the damages sought falls short of actively concealing the amount in controversy. Defendant was free to use "summary judgment type evidence" to value the case and present that evidence to the Court. *See Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002). In fact, that is precisely what Defendant has done each time he has removed the case. Accordingly, the Court finds that failure to clearly disclose the amount of damages sought falls short of bad faith.

Defendant has not shown that Plaintiff "has acted in bad faith in order to prevent Defendant from removing the action." 28 U.S.C. 1446(c)(1). Consequently, Defendant is barred from removing the case as the Notice of Removal was filed more than a year after commencement of the action.[3] *Id.*

---

[3] The Notice of Removal was filed on August 12, 2015. (Dkt. 1.) Plaintiff filed its Original Petition on June 20, 2014. (Pl.'s Orig. Pet., Pl.'s Mot. Remand Ex. A, Dkt. 3.)

**CONCLUSION**

Plaintiff's Motion to Remand, filed September 11, 2015 (Dkt. 3) is hereby **GRANTED.**

Therefore, this action is hereby **REMANDED** to the 73rd Judicial District of Bexar County, Texas

from which it came**.** Plaintiff's request for costs, including attorney's fees, is hereby **DENIED**.

   **SIGNED** on November 2, 2015.

_____

ROBERT PITMAN
UNITED STATES DISTRICT JUDGE